UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEROME BASIM MANNAN,<br><br>                Petitioner,<br><br>   v.<br><br>JOHN W. GAY,<br><br>                Respondent. | Case No. C07-545-MJP-MJB<br><br>ORDER OF DISMISSAL |

The Court, having reviewed the Amended Petition for Writ of Habeas Corpus, (Dkt. No. 8), Respondent's Answer (Dkt. No. 15), Petitioner's Reply (Dkt. No. 19), the Report and Recommendation of the Honorable Monica J. Benton, United States Magistrate Judge, (Dkt. No. 21), and the remaining record, does hereby adopt the Report and Recommendation of Magistrate Judge Benton. The Court's reasoning is set forth below.

**Discussion**

Under 28 U.S.C. § 2254(d), a habeas petition may be granted to any claim adjudicated on the merits in state court only if the state court's decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court, or if the decision was based on an unreasonable determination of facts in light of the evidence presented. Petitioner argues that the state court exceeded the statutory maximum for sentencing when it imposed an 18-36 month condition of community custody in addition to 168 months of total confinement, where the top of the sentencing range for first degree robbery with 9 points is 171 months. See RCW 9.94A.510. Petitioner argues that the Supreme Court has ruled that the relevant "statutory maximum" range is the top of the standard sentencing range, and not the

ORDER — 1

1  statutory maximum established in RCW 9A.20.021.

2  Petitioner's claim is meritless because the "statutory maximum" applies to the combined
3  period of incarceration and community custody. This period is determined by RCW
4  9A.20.021(1)(a) (establishing life in prison as a sentencing limit for class A felonies), and is not
5  limited by the sentencing range in the state guidelines. See also RCW 9.94A.505(5). Petitioner's
6  reliance on Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S.
7  296 (2004), is misplaced because those cases deal with the maximum sentence a judge may
8  impose absent factual findings by a jury.

9  In Petitioner's case, there were no additional facts found by the sentencing court that
10 heightened his sentencing range or mandated community custody. Instead, community custody is
11 mandated by statute. See RCW 9.94A.715(1). The standard sentence range establishes the range
12 in which a defendant is to be incarcerated, see RCW 9.94A.505(2)(a)(1), but the statutory
13 maximum established in RCW 9A.20.021 provides the limit for the combined incarceration and
14 community custody. See In Pers. Restraint of Caudle, 71 Wn.App. 679, 680 (1993)
15 ("presumptive ranges for total confinement do not include periods of community placement.")
16 Petitioner was sentenced to a period of incarceration within the 171 month sentencing limit, 168
17 months, and 18-36 months of community custody. This sentence is within the statutory maximum
18 of life for class A felonies. See RCW 9A.20.021(1)(a).

19 The ruling by the Washington State Supreme Court denying Petitioner's sentencing claim
20 is neither contrary to, nor an unreasonable application of clearly established federal law. See State
21 v. Nguyen, 138 Wn.App. 1042, 2007 WL 1417303 *2 (May 15, 2007) (ruling that community
22 custody not affected by Blakely because it does not require any additional judicial fact finding and
23 applying life as statutory maximum sentence.)

24 **Conclusion**

25 The Petitioner's 28 U.S.C. § 2254 is DENIED; and this matter is DISMISSED with
26 prejudice.

27

ORDER — 2

1     The Clerk is directed to send copies of this Order to all counsel of record, Judge Benton,
2 and a copy by mail to Petitioner.
3     DATED: ____April 28_____, 2008.
4                              ___s/Marsha J. Pechman_____
5                              Marsha J. Pechman
6                              United States District Judge

ORDER — 3